Donald D. HESSELGESSER, Appellant,

v.

William J. REILLY, Sheriff of Spokane County, Washington, E. Byron Franz, and Fidelity and Deposit Company of Maryland, Appellees.

No. 26079.

United States Court of Appeals, Ninth Circuit.

April 8, 1971.

William J. Powell (argued), Spokane, Wash., for appellant.

Paul F. Schiffner (argued), of Mac-Gillivray, Jones, Clarke & Schiffner, Spokane, Wash., for appellees.

Before HAMLEY, KOELSCH and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

The issue presented on this appeal is whether, in a civil rights action, the Sheriff of Spokane County, Washington, and his official bond, are liable in damages for the act of a deputy sheriff, serving as jailer, in depriving a prisoner of his civil rights. The jury said "yes," and awarded the prisoner-plaintiff $12,500 damages against the sheriff and his surety, as well as against the deputy. The district court said "no," and granted judgment n. o. v. for the sheriff and his surety. The plaintiff appeals. We say "yes," and reverse.

The plaintiff is Donald D. Hesselgesser. He was arrested on October 11, 1967, on a charge of unlawful possession of an explosive device, and lodged in the Spokane County jail. The jail was under the direction and supervision of William J. Reilly, Sheriff of Spokane County. The surety on his official bond was Fidelity and Deposit Company of Maryland. Deputy Sheriff E. Byron Franz was on duty at the jail.

On February 13, 1968, while still being held in jail, Hesselgesser prepared an application for a writ of habeas corpus and handed it to Deputy Sheriff Franz for delivery to the Spokane County Superior Court. Franz did not deliver the document to the court and it was

eventually delivered to the Spokane County Prosecuting Attorney. Sheriff Reilly had not instructed his deputy to follow this course and was apparently unaware of it at the time. About March 15, 1968, Hesselgesser prepared another habeas corpus application which was delivered to the court. On March 27, 1968, the prosecuting attorney obtained an order dismissing the charges and releasing Hesselgesser from custody.

Hesselgesser then commenced this civil rights action pursuant to 42 U.S.C. § 1983. He named as defendants Reilly, the surety company, and Franz, and asked for $25,000 damages. As noted above, the jury awarded half that sum. The district court granted a new trial as to Franz on the ground that the size of the verdict indicated passion and prejudice.

The court granted judgment n. o. v. for Sheriff Reilly and his surety on the ground that, under Washington decisional law, they are not liable for the acts of deputies, such as Franz, whose appointment and tenure, by reason of civil service status, are subject to only limited control by the sheriff. The court order further provides that in the event judgment n. o. v. is not sustained on appeal, the sheriff and his bond are granted a new trial. On this appeal Hesselgesser confines his argument to the judgment n. o. v. and does not challenge the alternative order granting a new trial.

At the outset it should be observed that plaintiff's claim against Sheriff Reilly and his official bond is not predicated upon any contention that the deputy's conduct was pursuant to directions or instructions from the sheriff, or upon any other circumstance involving personal knowledge or maladministration by the sheriff. Nor does such claim against the sheriff and his bond rest upon common law principles of vicarious liability such as might arise from a *respondeat superior* relationship between the sheriff and his deputy. Instead, plaintiff's claim against these defendants is based upon Washington statutes which establish the authority and duties of sheriffs and deputy sheriffs and provide that sheriffs shall be liable for the negligence "and misconduct" of their jailers and other deputies.[1]

The Civil Rights Act does not itself specifically establish a basis for liability, vicarious or otherwise, against persons who do not participate in a civil rights violation. The applicable section,

---

1. Wash.Rev.Code § 36.16.070 provides:

> "In all cases where the duties of any county office are greater than can be performed by the person elected to fill it, the officer may employ deputies and other necessary employees with the consent of the board of county commissioners. * * *
>
> "A deputy may perform any act which his principal is authorized to perform. The officer appointing a deputy or other employee shall be responsible for the acts of his appointees upon his official bond and may revoke each appointment at pleasure."

Wash.Rev.Code § 36.28.020 provides:

> "Every deputy sheriff shall possess all the power, and may perform any of the duties, prescribed by law to be performed by the sheriff, and shall serve or execute, according to law, all process, writs, precepts, and orders, issued by lawful authority.

> "Persons may also be deputed by the sheriff in writing to do particular acts; including the service of process in civil or criminal cases, and the sheriff shall be responsible on his official bond for their default or misconduct."

Wash.Rev.Code § 36.63.020 provides:

> "The sheriff shall have charge of the county jail of his county and of all persons by law confined therein and the sheriff shall conform to the rules and directions of the superior court of his county as provided by RCW 36.63.060 * * *."

Wash.Rev.Code § 36.63.030 provides:

> "The jailer or keeper of the jail, unless the sheriff elects to act as jailer in person, shall be a deputy appointed by the sheriff, and such jailer shall take the necessary oath before entering upon the duties of his office. The sheriff shall in all cases be liable for the negligence and misconduct of the jailer as of other deputies."

42 U.S.C. § 1983, speaks only of "(e)very person who \* \* \* subjects, or causes to be subjected, any citizen \* \* \* to the deprivation of any rights \* \* \*." Thus if one who did not participate in such violation is to be held liable for the civil rights violation of another on principles of vicarious liability, or by reason of statutory responsibility, it must be because: (1) the Civil Rights Act gives recognition to the laws of the states pertaining to such liability and, (2) the laws of the particular state where the action arose create such liability.

We think the Civil Rights Act does authorize the application, under appropriate circumstances, of state laws pertaining to vicarious liability and liability created by statute. Under 42 U.S.C. § 1988, quoted in the margin, where the laws of the United States are deficient in the provisions necessary to furnish suitable remedies, the common law, as modified and changed by the constitution and statutes of the state wherein the case arose, shall govern the trial and disposition of civil rights actions, so far as the same is not inconsistent with the Constitution and laws of the United States.[2] State statutes making sheriffs liable for the misconduct of their deputies, if applied to civil rights deprivations by deputies, are not inconsistent with the Constitution and laws of the United States.

But the prime issue here is whether the laws of the particular state where this action arose, namely Washington, make county sheriffs liable for the civil rights violations perpetrated by their deputies while serving as jailers.

The Washington statutes quoted in note 1 would seem to establish such liability. But the sheriff and his surety point out that these statutes were first enacted in 1871, and that in 1958, a merit system, analogous to a civil service system, was established for deputy sheriffs. (Wash.Rev.Code § 41.14.010 et seq.) They urge that, under the rule announced in Pavish v. Meyers, 129 Wash. 605, 611–614, 225 P. 633, 635–636 (1924), a sheriff is not liable for the torts of his civil service deputies.

*Pavish* pertained to the liability of a chief of police for the torts of his civil service policemen. While recognizing that, under state statutes, a sheriff is liable for the misconduct of his deputies, the *Pavish* court held that, under the police civil service system, the chief did not have sufficient control over the appointment of the policemen to warrant similar liability. Since, in 1958, deputy sheriffs were brought under a form of civil service, the sheriff and his bond argue that the Pavish principle should now apply to county sheriffs, relieving them from such liability.

One difficulty with this argument is that, subsequent to the 1958 enactment of Wash.Rev.Code § 41.14.010 et seq., which established the deputy sheriff merit system, Washington reenacted, in the form quoted in note 1, the statutes making sheriffs liable for the misconduct of their deputies.[3] This suggests

---

2. 42 U.S.C. § 1988 reads:
   "The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

3. Wash.Rev.Code § 36.16.070 was amended in 1963 (Laws 1963, Chap. 4, sec. 36.-16.070), and again in 1969 (Laws 1969,

that the legislature intended to continue the sheriff's statutory liability notwithstanding the civil service status of deputy sheriffs and the *Pavish* decision.

But there is also a more formidable difficulty, and one which was apparently not called to the attention of the district court.[4] In Ulvestad v. Dolphin, 152 Wash. 580, 278 P. 681 (1929), the Supreme Court of Washington held that the rule announced in Pavish v. Meyers does not apply when the tort occurs while the plaintiff is imprisoned in a city jail and where the city charter places upon the chief of police the specific duty to operate the jail. *Ulvestad* has since been applied, by analogy, to establish the vicarious liability of a county hospital superintendent for the tort of a hospital employee. See Kent v. Whitaker, 58 Wash.2d 569, 364 P.2d 556 (1961).[5]

Under Wash.Rev. Code § 36.63.020 and .030, defendant sheriff had the statutory duty of operating the Spokane County jail and the authority to appoint deputies to assist him in doing so. This jail was under the supervision and control of defendant sheriff and Deputy Sheriff Franz worked at that jail. If, by analogy, the decision in *Pavish*, relating to civil service policemen, is to be applied to civil service deputy sheriffs, the exception to the *Pavish* rule, announced in *Ulvestad*, should likewise be applied. The subsequent Washington decision in Kent v. Whitaker, referred to above, teaches that the *Ulvestad* rule may be applied, by analogy, to factually different circumstances.

Accordingly, the judgment n. o. v. for Sheriff Reilly and his bond is reversed, and the cause is remanded for a new trial as to all defendants.

1st Ex.Sess., Chap. 176, sec. 92). Wash. Rev.Code § 36.28.020 was amended in 1961 (Laws 1961, Chap. 35, sec. 2), and again in 1963 (Laws 1963, Chap. 4, sec. 36.28.020). Wash.Rev.Code § 36.63.020 was amended in 1963 (Laws 1963, Chap. 4, sec. 36.63.020). Wash.Rev.Code § 36.63.030 was amended in 1963 (Laws 1963, Chap. 4, sec. 36.63.030).

4. On our own motion we called for and received supplemental briefs directed to this question.

5. *Ulvestad* has been cited with approval in Whirl v. Kern, 407 F.2d 781, 791 (5th Cir. 1969).