William Donovan RUNDLE, Jr., etc.,
et al., Plaintiffs,

v.

Frank I. MADIGAN et al., Defendants.

No. C–70 334.

United States District Court,
N. D. California.

Aug. 30, 1971.

Richards, Watson & Dreyfuss, Los Angeles, Cal., for plaintiffs.

Crosby, Heafey, Roach & May, P. C., Oakland, Cal., for defendants.

### MEMORANDUM AND ORDER AFFIRMING PRIOR ORDERS GRANTING DEFENDANT COUNTY OF ALAMEDA'S MOTION TO DISMISS

PECKHAM, District Judge.

This case is one of several related civil rights actions stemming from what has become known as the "People's Park" controversy. Plaintiff claims that his federal civil rights were violated by a conspiracy among the defendants—the Sheriff and various deputies of Alameda County—to utilize unlawful force in suppressing an assembly of persons in the streets of Berkeley, California, on May 15, 1969, and by the unlawful shot-gun shooting of plaintiff on that day. Claims based upon state law are also asserted.

In an earlier order, this court granted the defendant County of Alameda's motion to dismiss on the ground that it was not amenable to suit under the Civil Rights Act since it was not a "person" within the meaning of that Act. 42 U. S.C. § 1983. This was undoubtedly a correct statement of the law, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.

Ed.2d 492 (1961), and plaintiff does not presently dispute this.

The Court also ordered that the state claims be dismissed as to the County. It is this latter order which plaintiff now seeks to reverse.

The basis for this motion for reconsideration is that the state claims against the County should be retained in this action on the theory of pendent jurisdiction. More precisely, plaintiff argues that this court need not have an independent basis of federal subject matter jurisdiction as to the County, provided that the court has subject matter jurisdiction as to the other defendants, and provided further that the facts which underlie the state cause of action against the County are essentially the same as those which underlie the federal cause of action against the other defendants. Plaintiff further argues that the County has waived any objections to the assertion of personal jurisdiction over it; that in fact a good state cause of action can be predicated against the County on the basis of the California Tort Claims Act (Cal.Govt.Code § 815.2); and that nothing in the Civil Rights Act or Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961), precludes this court from recognizing a state cause of action against a County where the underlying liability of the county is based upon a Civil Rights Act violation by a county employee.

The defendant County basically and simply argues that the doctrine of pendent jurisdiction is not applicable unless the federal claim and the state claim are asserted against the same party. That is, the doctrine cannot be employed to bring in additional parties as to which the court does not have an independent basis of federal subject matter jurisdiction.

While plaintiff has skillfully briefed many interesting arguments, the court concludes that at least within the Ninth Circuit, the defendant County is correct that pendent jurisdiction is not available in the circumstances of this case. Accordingly, the court does not reach plaintiff's other contentions.

The controlling point is that in the Ninth Circuit, pendent jurisdiction is available only to join claims, not to join parties. Hymer v. Chai, 407 F. 2d 136 (1969). That is, the concept applies "only where the same parties are involved on the state and federal claims." Wright, Federal Courts (2nd Ed. 1970), at 65. Since there is no federal claim alleged against the County, no state claim against the County is within the pendent jurisdiction of this court, no matter how closely related factually that state claim may be to a federal claim against another defendant. On this view of the doctrine—viz. that the doctrine is simply not available—this court is devoid of the power to adjudicate the state claim against the County; the issue is not one of discretion. See United Mine Workers v. Gibbs, 383 U.S. 715, 725–726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In Hymer v. Chai, *supra,* a husband and wife brought a personal injury diversity action in the United States District Court for Hawaii. The husband sought $75,000 damages for personal injuries and property damage, while the wife sued for loss of consortium. The wife claimed only $7,500, an amount below the monetary minimum necessary to sustain federal diversity jurisdiction (28 U.S.C. § 1332(a)). Diversity of citizenship was the only possible basis for federal jurisdiction.

The Ninth Circuit ruled that the District Court had erroneously assumed jurisdiction of the wife's cause of action, since that cause of action was not independently federally cognizable, and since joinder of an additional party was not the object of the doctrine of pendent jurisdiction.

Plaintiff seeks to avoid the impact of *Hymer* by arguing that *Hymer* is distinguishable from the present case and that, in any event, *Hymer* is questionable as a valid proposition of law. Dealing with the latter point first, it is

true that *Hymer* relied heavily on a case which long ante-dated the *Gibbs* decision, viz. Takashi Kataoka v. May Dep't Stores Co., 115 F.2d 521 (Ninth Cir. 1940). It is also true that other circuits have permitted the application of pendent jurisdiction in factual situations essentially indistinguishable from that of *Hymer*. See Stone v. Stone, 405 F.2d 94 (Fourth Cir. 1968); Jacobson v. Atlantic City Hospital, 392 F.2d 149 (Third Cir. 1968); Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809 (Eighth Cir. 1969). The short and authoritative answer to plaintiff's latter contention is that whether or not the Ninth Circuit's position in Hymer v. Chai represents a dying view, that position was firmly stated and is binding on this court.

Whether *Hymer* is significantly distinguishable from the present case, however, is a question to which this court may properly address itself. In *Hymer* the court refused to allow the joinder of an additional party plaintiff who could not assert a federally cognizable claim against the defendant. In this case, however, the issue is whether to allow the joinder of a defendant against whom the plaintiff cannot state a federally cognizable claim. Further, in *Hymer* the jurisdiction of the court was based upon diversity of citizenship, whereas in this case, the court's jurisdiction rests upon a federal question.

■ This court's first response to this argument is that in an analysis of pendent jurisdiction, it is not particularly relevant to inquire whether the assertion of pendent jurisdiction will enable an additional plaintiff or defendant to be joined. The basic inquiry in this regard is whether the doctrine may be employed to allow the joinder of any party who could not otherwise be in a federal court. And on this point, Hymer v. Chai speaks quite directly: "Joinder of claims, not joinder of parties, is the object of the doctrine." 407 F.2d at 137.

If, however, it is relevant to inquire whether a plaintiff or defendant will be the party joined, the joinder of a plaintiff is the more permissible and acceptable result, since this does not force an unwilling party into a federal forum, as is the case where an additional defendant is joined. To put the matter another way, if in Hymer v. Chai the wife had been permitted to assert her claim for loss of consortium, no great hardship would have been placed upon the defendant, since the defendant was already in the federal forum. Here, however, the state claims would serve to bring into federal court a defendant who would not otherwise be there. Thus, since the court in *Hymer* did not allow the doctrine of pendent jurisdiction to operate where its effect would have been to join an additional plaintiff, Hymer v. Chai counsels strongly against employing the doctrine where an additional defendant would be joined.[1]

As noted, another difference between *Hymer* and the present case is that *Hymer* was a diversity case whereas this one is a federal question case. On this point, the Fourth Circuit has stated that both instances should be treated similarly because "[i]n each situation, the federal court has before it a claim which clearly satisfies the requirements of § 1331 or § 1332, and in each instance the plaintiff asserts an additional claim which, if litigated alone, would not satisfy a jurisdictional requirement." Stone v. Stone, 405 F.2d 94, 97 (1968). If this position is accepted, then Hymer v. Chai would be apposite in the present case and would defeat plaintiff's motion.

If, however, federal question and diversity cases are to be treated differently, then a stronger case can probably be made for the application of the pendent jurisdiction doctrine, (where its effect is to bring in an additional party), in the diversity context than in the federal question context. Significantly, in those

---

1. See Note, *United Mine Workers v. Gibbs* and Pendent Jurisdiction, 81 Harv.L.Rev. 657, 664 (1968).

cases where this question has been considered, "pendent parties"[2] have recently been permitted in the diversity cases, but disallowed in the federal question cases.[3] One factor apparently underlying this differential treatment is that in a diversity situation, the claims are all based upon state law, and so one would expect them to be litigated together. In the *federal question case*, however, if the federal jurisdiction is exclusive, then one would not expect the claims to be bundled together in the same forum. See Tucker v. Shaw, 308 F.Supp. 1, 9 (E.D.N.Y.1970).[4]

Probably the most influential factor, however, has been that in the diversity cases where "pendent parties" have been permitted, the courts have generally been confronted with claims by members of a single family arising out of a single accident. See Wright, Federal Courts (2nd Ed. 1970) at 124, and cases cited therein at n. 19. The litigation of these intimately related claims in a single fo-

rum makes good practical sense. Moreover, the fact that the claims are so closely related more readily permits the conclusion that the claims comprise but one constitutional "case or controversy." See United Mine Workers v. Gibbs, 383 U.S. 715 at 725, 86 S.Ct. 1130, 16 L.Ed. 2d 218; Stone v. Stone, 405 F.2d at 97–98. In the federal question context, however, no such considerations generally exist.

What this analysis demonstrates is this: In Hymer v. Chai, the Ninth Circuit was presented with the most favorable of circumstances in which to apply pendent jurisdiction to join an additional party: the claims were state claims; they were closely related; the "pendent party" would be a plaintiff. Nonetheless, the court refused to apply the doctrine. In light of that decision, this court is unable to permit the application of the doctrine to the present case.[5]

A final problem which the court must consider is whether the recent Ninth

**2.** Id. at 662. The term of course denotes the additional party, whether plaintiff or defendant, that has been brought into the litigation by the application of the pendent jurisdiction doctrine. The claim asserted by or against this party is not within the subject matter jurisdiction of the federal courts.

**3.** Compare Stone v. Stone, 405 F.2d 94 (Fourth Cir. 1968), Jacobson v. Atlantic City Hospital, 392 F.2d 149 (Third Cir. 1968), and Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809 (Eighth Cir. 1969) with Wojtas v. Village of Niles, 334 F.2d 797 (Seventh Cir. 1964) (civil rights action), Gautreau v. Central Gulf Steamship Corp., 255 F.Supp. 615 (E.D. La.1966) (Jones Act), and Tucker v. Shaw, 308 F.Supp. 1 (E.D.N.Y.1970) (action under § 501(b) of the Labor-Management Reporting and Disclosure Act of 1959).

**4.** This court does not place great emphasis upon this factor, since to a certain extent, it has been ill-conceived. The Supreme Court in *Gibbs* stated that the claims should be considered *without regard to their federal or state character* in dealing with the issue of whether all the claims would ordinarily be tried in one judicial proceeding. 383 U.S. at 725, 86 S.Ct. 1130.

**5.** Without expressing any opinion on the following, the court notes that even were it free of the influence of Hymer v. Chai, serious obstacles to the application of the doctrine would still present themselves. First, on the issue of the *power* to adjudicate the claim, the court would still be confronted with the reluctance of other federal courts to permit a pendent party defendant in a federal question case. See Wojtas v. Village of Niles, Gautreau v. Central Gulf Steamship Corp., and Tucker v. Shaw, all *supra* at n. 3.

Moreover, on the issue of the court's *discretion* to adjudicate the pendent claim, there would still be substantial doubts as to whether the state claim should be heard. The present action will be tried to a jury, and with the introduction of a claim against the County under the California Tort Claims Act, with the special defenses available to the County, the case could become unduly complicated. Further, this court would be called upon to resolve difficult questions of California law upon which state court decisions are not legion. See United Mine Workers v. Gibbs, 383 U.S. 715, 726–727, 86 S.Ct. 1130 (1966); Shakman, The New Pendent Jurisdiction of the Federal Courts, 20 Stan.L.Rev. 262, 265–66 (1968).

Circuit decision in Hesselgesser v. Reilly, 440 F.2d 901, April 8, 1971, indicates the existence of subject matter jurisdiction regarding plaintiff's state claims against the County. In *Hesselgesser,* a prisoner sought damages under the Civil Rights Act against the Sheriff of Spokane County, Washington, (and the Sheriff's official bond), and a deputy sheriff who served as jailer. The court observed that the plaintiff's claim against the sheriff and his bond was not predicated upon any personal knowledge or personal involvement of the sheriff in the wrongs committed by his deputy. Rather, the claim was based upon Washington statutes which, as plaintiff alleged and the court found, provided that sheriffs would be liable for the negligence and misconduct of their deputies irrespective of any lack of knowledge or participation on the part of the sheriff. The Court of Appeals construed § 1988 of the Civil Rights Act (42 U.S.C. § 1988) as authorizing the application of that state law, and accordingly reversed a judgment n. o. v. which had been entered in favor of the sheriff and his bond.

Plaintiff herein contends that under *Hesselgesser,* if California law provides a cause of action against the County-defendant for the alleged misconduct of county employees, then § 1988 provides the means of recognizing that cause of action, *and* confers jurisdiction upon this court to hear that action.[6]

■ The fault with this argument is that the latter proposition is erroneous: § 1988 does not supply the court with federal subject matter jurisdiction. Rather, in the words of the Ninth Circuit, the section " * * * pertains not to subject-matter jurisdiction, but to the forms of process and the scope of remedy." Pierre v. Jordan, 333 F.2d 951,

958 (1964); Johnson v. New York State Ed. Dept., 319 F.Supp. 271, 276 (E.D.N.Y.1970); cf. Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 239–240, 90 S. Ct. 400, 24 L.Ed.2d 386 (Douglas, J., for the Court), 256–257, 90 S.Ct. 414–415 (Harlan, J., dissenting opinion). Section 1988 empowers federal district courts to draw upon state law to fashion appropriate, effective remedies for civil rights violations. In so doing, the court may recognize a state law cause of action, as was done in *Hesselgesser.* But § 1988 is not "jurisdictional" in the sense that, for example, § 1983 is: it does not create a federal cause of action which is thereby cognizable in the district courts under § 1331 and/or § 1343 of Title 28.

The *Hesselgesser* opinion is therefore somewhat mysterious insofar as considerations of subject matter jurisdiction are concerned. The court looked to the law of Washington to hold the sheriff of the County liable so that a suitable remedy would be furnished the plaintiff, namely, recourse to the official bond. But the court did not discuss the basis upon which the federal courts had subject matter jurisdiction to adjudicate that state claim. While it appears that the state claim could only have been adjudicated upon some theory of ancillary or pendent jurisdiction, this court is not prepared to draw conclusions upon issues of such moment from an opinion which is silent upon the subject. In effect, plaintiff asks this court to conclude that *Hesselgesser* undermined Hymer v. Chai *sub silentio.* The court declines the invitation.

Accordingly, this court's orders granting the County of Alameda's motions to dismiss are affirmed, and plaintiff's motion herein is denied.

So ordered.

---

6. Plaintiff apparently also argues that if *Hesselgesser* does not stand for the proposition that § 1988 is jurisdictional, then it surely means that the Ninth Circuit has now endorsed the "pendent party" concept, contrary to Hymer v. Chai. Both propositions will be discussed.