**Edna DIXON et al., Plaintiffs,**

v.

**Marvin J. GETZ, Sr., et al., Defendants.**

**Civ. No. 73–201–ORL.**

United States District Court,
M. D. Florida,
Orlando Division.

Sept. 5, 1973.

W. Stewart Gilman, Adams, Gilman & Cooper, Winter Park, Fla., for plaintiffs.

Jed Berman, Winter Park, Fla., for defendants Marvin J. Getz, Sr., John C. Bill, B. L. Folkes, and Bell Lee Civic Assn., Inc.

Herbert A. Langston, Jr., Orlando, Fla., for defendant City of Maitland.

Erik C. Larsen, Orlando, Fla., for defendant City of Winter Park.

## ORDER

REED, District Judge.

This cause came on for hearing before the Court on the 31st day of August, 1973, on the application of the plaintiffs for a temporary injunction. All defendants had received notice of the hearing, and each appeared through counsel. Evidence was presented by plaintiffs and defendants and based thereon the Court makes the following findings of fact:

1. Plaintiff Creative Housing, Inc. owns a tract of real property approximately ten acres in size which was annexed to the City of Winter Park by Ordinance No. 1046 adopted by the City Commission of Winter Park on 11 October 1972. The property was zoned "R–3" by Ordinance No. 1047 adopted on the same date.

2. Creative Housing, Inc. has been selected by the City of Winter Park to develop a low-rent housing project on the aforesaid property. The project is known as Department of Housing and Urban Development Project No. Fla.–82–1 and also is known locally as the "Monroe Avenue Project." It is contemplated that the housing units will be transferred to a non-profit corporation called the Winter Park Leased Housing Corporation. It is also contemplated that the project will be sublet to the Winter Park Housing Authority, a body politic existing under the laws of the State of Florida as an agency of the City of Winter Park. The housing units within the project will be rented by the Winter Park Housing Authority to low income families.

3. The plaintiffs Edna Dixon and Sandra Richardson are residents of the City of Winter Park, Florida, who have expressed a desire to live in the said project and would meet the income qualifications for the same.

4. The individual defendants, Messrs. Getz, Bill and Folkes, live within five hundred feet of the location of the proposed housing project. Mr. Getz is a resident of Winter Park, Florida. The defendant Bell Lee Civic Association, Inc. is a non-profit corporation which represents owners of residential real property within five hundred feet of the said project. The defendant City of Maitland is a municipal corporation organized and existing under the laws of the State of Florida. The proposed project will be adjacent to a segment of the south boundary line of the City of Maitland. Monroe Avenue, which runs east and west along the north side of the proposed project, is partially within the City of Maitland.

5. There is now pending in the Circuit Court in and for the Ninth Judicial Circuit for the State of Florida a suit

**104**

for a declaratory judgment. The plaintiffs in that suit are Bell Lee Civic Association, Inc., Messrs. Getz, Folkes and Bill, and the City of Maitland. The suit was commenced by Bell Lee Civic Association, Inc. and one Robert Medlock (now deceased) on 9 October 1972. Messrs. Getz, Bill and Folkes were added as parties plaintiff on 22 August 1973, in substitution for Mr. Medlock. The City of Maitland became a party plaintiff on the same date by intervention. The defendant in the state court suit is the City of Winter Park. Creative Housing, Inc. has filed an appearance in the state court suit, but its exact status as a party therein does not clearly appear from the record before this Court.

6. The issues in the state court action, as reflected by the amended complaint filed therein on 18 December 1972, and the answers thereto, relate to the validity of the City of Winter Park Ordinances Nos. 1046 and 1047 mentioned in paragraph 1 above. The relief sought is a declaratory decree decreeing said ordinances invalid on the ground that their adoption was not in accordance with the Charter and Ordinances of the City of Winter Park. The state court action is set for a non-jury trial on 20 September 1973.

7. There is no competent substantial evidence to indicate that Messrs. Getz, Bill and Folkes and Bell Lee Civic Association, Inc. are prosecuting the state court action in any capacity except as private persons. Nor is there any competent substantial evidence to indicate that said persons, in prosecuting the state court action, are acting jointly with the City of Maitland or to serve any interest of the City of Maitland.

8. The complaint filed in the present action asserts that the plaintiffs in the state court action are prosecuting the same for the purpose of denying persons of low income—and, specifically, the individual plaintiffs herein—the benefits of the proposed housing project in violation of 42 U.S.C. § 1983. The relief sought in this Court is an injunction against such violation and a declaratory decree declaring the validity of the aforesaid ordinances.

9. The proposed housing project is to be financed by bonds which an underwriter has agreed to purchase, but the closing of the bond purchase is delayed by the state court suit. According to the Vice-President of the plaintiff Creative Housing, Inc., if the state court action is not completed by 6 September 1973, the underwriter may cancel its obligations with respect to the purchase of the bonds and the project's feasibility may be destroyed. It does not appear from the evidence, however, whether or not the underwriter's agreement could or would be extended beyond the date of 6 September 1973.

10. The evidence indicates that the state court action was instituted and is being prosecuted because the plaintiffs therein are genuinely concerned with: (a) increased density of population which may be anticipated as a result of the housing project; (b) the lack of recreational facilities for persons who will live in the housing project; (c) the lack of access to the project by road; and (d) the ability of the City of Winter Park to meet the needs which may be created by the project for police and fire protection, and the impact which each of these factors may have on residential real property in which the state court plaintiffs have a direct and immediate interest.

*Conclusions of Law*

■ A. Before a preliminary injunction may issue, a showing must be made that such is necessary to prevent irreparable injury and that there is a reasonable likelihood that the parties seeking the injunction will ultimately prevail on the merits of the cause. Exhibitions Poster Exch. . v. National Screen Serv. Corp., 5th Cir. 1971, 441 F.2d 560; Sierra Club v. Hickel, 9th Cir. 1970, 433 F.2d 24.

■ B. The evidence before this Court meets neither of the aforemen-

tioned conditions because of the following:

(1) Even if the plaintiffs in this action were successful on the merits, this Court could not decide the present litigation before 6 September 1973; therefore, it does not appear that a mandatory injunction of the state court proceedings would prevent any injury which might occur to the plaintiffs herein by reason of the pendency on that date of the state court proceedings.

(2) A reasonable likelihood that the plaintiffs will ultimately be awarded an injunction on the merits against the maintenance of the state court action on the ground that the same constitutes a violation of 42 U.S.C. § 1983 does not appear because the evidence presented in support of the application for preliminary injunction does not indicate that any of the state court plaintiffs, with the possible exception of the City of Maitland, are proceeding in the state action "under color of" law. Therefore, the state prosecution does not involve "state action" as contemplated by 42 U.S.C. § 1983. United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); Stevens v. Frick, 2d Cir. 1967, 372 F.2d 378. Nor does it appear that the state court action is prosecuted for the purpose or with the effect of violating any right of the plaintiffs or any of them.

[3]   (3) As to the claim for a declaratory judgment on the validity of the ordinances, a reasonable likelihood of success in the assertion of this claim in this action does not appear because such claim is a pendent claim over which this Court has no independent · jurisdiction, involves issues solely of state law, and is the very claim which is ready for decision at the present time in the state court. If, therefore, the plaintiffs are unable to sustain their federal claim in the present action, it is not likely that this Court would undertake to decide the pendent claim. Asher v. Harrington, 7th Cir. 1972, 461 F.2d 890, 895; Moor

v. Madigan, 9th Cir. 1972, 458 F.2d 1217.

On the basis of the foregoing, it is

Ordered that plaintiffs' application for a preliminary injunction is hereby denied.