MARY I. BOETTGER, Administratrix of the Estate of Clarence Stensrude, Jr., Deceased, Plaintiff and Appellat, v. EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., City of Havre, a Division of the State of Montana, et al., Defendants and Respondents.

No. 12088.
Decided Nov. 15, 1971.
490 P.2d 717.

Hilley & McKittrick, Great Falls, D. Patrick McKittrick (argued), Great Falls, John Bayuk, Shelby, Jess L. Angstman, Havre, for appellant.

Smith, Emmons & Baillie, Great Falls, Robert J. Emmons (argued), Great Falls, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

This is an appeal from a summary judgment entered in the district court of Hill County.

Complaint in this cause was filed in the district court of Hill County on December 31, 1970, by the administratrix of the estate of Clarence Stensrude, Jr., deceased, naming as defendants the Employers Liability Assurance Corp., Ltd., the city of Havre and its mayor and councilmen, Charles Zartman, its chief of police, and Dave Moore and Vernie Ellis, who were policemen in the city of Havre.

It is alleged in the complaint that plaintiff is the duly appointed administratrix of the decedent; that the city of Havre is a municipal corporation and political subdivision of the state of Montana; that plaintiff is informed and believes that section 40-4402, R.C.M.1947, is applicable to the action; that Moore and Ellis were policemen of the city of Havre and engaged in the performance of their duties as such policemen; that the defendants named as mayor and councilmen of the city of Havre were such; that Charles Zartman was the chief of police and immediate supervisor of defendants Moore and Ellis, and that at all times mentioned the relationship of respondeat superior existed between the mayor, city councilmen, chief of police and defendant policemen.

It was further alleged that on or about January 3, 1970, the deceased, Clarence Stensrude, Jr., was at a residence in Havre at about 4:30 p.m.; that defendants Moore and Ellis came to the house and without knocking or otherwise informing the occupants of the house of their presence, entered the house, Moore coming in the front door and Ellis through the back door; that defendants searched several of the occupants of the house including Stensrude; that defendant Moore left the room and Stensrude left the house via the back door. Defendant Ellis

followed Stensrude, aimed his revolver at him, discharged the revolver, but the shot missed, that both Moore and Ellis continued to pursue Stensrude and defendant Moore discharged his revolver and shot Stensrude in the back; that Stensrude was grievously wounded, was hospitalized, treated by surgeons and medical attendants over a period of days and died on January 13, 1970.

It is then alleged: "That the above described acts of Defendant policemen performed jointly or jointly and severally were negligently, recklessly, deliberately and willfully performed." Further it is alleged: "That as a result of the negligent, willful, wanton and reckless acts and conduct of the officer and/or officers of the City of Havre, Montana, which acts showed a reckless disregard for the rights and safety of the person of Plaintiff deceased, the Plaintiff deceased suffered excruciating pain, mental and physical pain and anguish, sustained considerable medical expense and treatment and as a result, died."

Judgment was prayed for for the medical expense, general damages for pain and suffering, bodily damage and death, and for the sum of $500,000 as exemplary damage.

On January 20, 1971, a motion to separately state and number, to strike and to dismiss was filed by the defendant insurance company, the city of Havre, its mayor and councilmen. Paragraph V of this document reads:

"To dismiss the Complaint against these defendants on the grounds the Complaint fails to state a claim against each of these defendants upon which relief can be granted.

"The Motion to Dismiss may be treated as a Motion for Summary Judgment under Rule 56 of the Montana Rules of Civil Procedure."

Briefs were filed by the parties and the court on May 19, 1971, filed its "ORDER GRANTING MOTION TO DISMISS TREATING IT AS A MOTION FOR SUMMARY JUDGMENT & JUDGMENT." The Court granted the motion to dismiss filed by the defendant insurance company, the city of Havre, its mayor and councilmen, and treating the motion as one for

summary judgment under Rule 56, M.R.Civ.P. directed judgment to be entered; denied the right to file an amended complaint arising out of this same claim against the defendants in whose favor the summary judgment was granted, and entered a judgment of dismissal in favor of the above referred to defendants and against the plaintiff.

Notice of entry of judgment was given and this appeal followed.

In view of the allegations in the complaint a basis is stated for a possible claim for relief against the defendants Moore and Ellis. At the outset, however, it would appear that the only basis for this possible claim against the police officers would be that they were acting outside the scope of their employment.

The city, its mayor, councilmen and chief of police were joined in this action under the theory of respondeat superior and plaintiff argues that our decision in Kingfisher v. City of Forsyth, 132 Mont. 39, 314 P.2d 876, that a city policeman when enforcing city ordinances is acting as an agent of the state and the city is therefore not responsible in damages for his conduct, was made to clothe the police officer with sovereign immunity.

Plaintiff's next link in her chain of reasoning is that the doctrine of sovereign immunity has been to some extent abrogated by section 40-4402, R.C.M.1947. This statute provides that when an insurer accepts any premium, money or otherwise consideration from any political sudbidivision or public entitye for casualty or liability insurance that neither such insured nor insurer shall raise the defense of sovereign immunity in any such damage action brought against the insured or insurer and that in the event of recovery against either, the judgment shall be limited to the extent of insurance coverage.

The final link in plaintiff's theory is that the municipality more than the state manages and controls policemen, that it is the mayor, city council and chief of police that control the functions and operations of the police department on a day to day basis.

The weak link in plaintiff's theory is, however, the first.

Our decision in Kingfisher is not bottomed on the principle of sovereign immunity at all; on the contrary it rests on the absence of a principal-agent relationship between the city and the policemen, thereby rendering the doctrine of respondeat superior inapplicable.

This was our basis for holding that a police officer acts as agent for the state.

The dismissal of the city of Havre, its mayor and city councilmen was therefore proper, because the necessary element of agency is lacking.

■ Plaintiff next argues that the dismissal of Employers Liability Assurance Corp., Ltd., as a defendant in this suit was improper in that she has information and belief that this insurance company has executed bonds guaranteeing that each of the other named defendants would faithfully perform their respective duties as public officers.

We will discuss only the application of section 40-4402, R.C.M. 1947 to police officers, recognizing that our views as expressed herein perhaps do not apply to actions concerning other municipal employees.

The application of this section apparently was a source of problems in the pleading stage of the case. The statute provides:

"Whenever an insurer accepts any premium, money or other consideration from a political subdivision of the state, municipality, or any public body, corporation, commission, board, agency, organization, or other public entity for casualty or liability insurance, neither such insured nor insurer shall raise *the defense of sovereign or governmental immunity* in any damage action brought against such insured or insurer, and any agreement in the insurance contract permitting the defense of sovereign or governmental immunity is hereby declared void. No attempt shall be made in the trial of an action brought against such political subdivision of the state, municipality, or any public body, corporation, commission, board, agency, organization, or other

public entity, to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of plaintiff. If the court shall determine that the defendant could have successfully raise *the defense of sovereign or governmental immunity,* and if the verdict exceeds the limits of the applicable insurance, the court shall reduce the amount of such judgment or award to a sum equal to the applicable limit stated in the policy." (Emphasis added.)

The title to Chapter 240, Laws of 1963, now section 40-4402, R.C.M.1947, states:

"An Act Prohibiting the *Defense* of Sovereign Immunity * * * Reduction of Awards to Policy Limits Where Sovereign Immunity *Defense* Could Have Been Successfully Raised * * *."

The Legislature obviously regards sovereign immunity as a defense, and section 40-4402, R.C.M.1947 prohibits the defense of sovereign immunity if the city is insured. The plaintiff contends this prohibition requires her to plead insurance so that the defense cannot be plead by the city. We think not.

In this cause the city was not a proper party. The liability of the police officers in tort must first be determined. If liability is established and there exists casualty or liability insurance two things become evident. The insurer becomes liable under the provisions of the policy and should liability thereunder be denied and a suit be required to make a determination thereof both insured and insurer would be proper parties thereto. Secondly, insofar as the amount of liability is concerned, if it should exceed the amount of insurance issued by the insurer to the insured, the policy should be delivered to the district judge who will apply the limitation requirement of the statute.

The dismissal of the insurance company was therefore proper.

The judgment of dismissal as to the named defendants is affirmed, and the cause is remanded to the district court for further proceedings consistent with this opinion.

It is so ordered.

MR. JUSTICES JOHN C. HARRISON, DALY, HASWELL, and CASTLES, concur.