**James G. COCKRUM, Plaintiff-Appellant,**

**v.**

**Charles E. WHITNEY and Philip C. Loucks, Defendants-Appellees.**

**No. 26609.**

United States Court of Appeals, Ninth Circuit.

May 9, 1973.

[redacted]

D. Patrick McKittrick (argued), Paul & Tucker, Hilley & McKittrick, Great Falls, Mont., for plaintiff-appellant.

Chester L. Jones, County Atty. (argued), Virginia City, Mont., Ward A. Shanahan (argued), Gough, Booth, Shanahan & Johnson, Helena, Mont., Charles F. Angel (argued), Berg, O'Connell, Angel & Andriolo, Bozeman, Mont., Ronald F. Waterman, Missoula, Mont. (argued), for defendants-appellees.

Before ELY, TRASK and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

James Cockrum brought this civil rights action under 42 U.S.C. § 1983, alleging that the defendants, Charles Whitney and Philip Loucks, violated his rights under color of law. He claimed that this violation resulted in serious personal injuries. After a three-day trial, the jury returned a verdict against both defendants for $169,500.00. Judgment was entered accordingly.

Whitney and Loucks then moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court granted the former motion, set aside the verdict and directed entry of judgment for both defendants. It failed to rule on the motion for a new trial. *Compare* Fed.R.Civ.P. 50(c). We affirm in part and reverse in part.

During the early morning of September 2, 1966, Cockrum drove through Twin Bridges, Montana. Whitney, the town marshal, testified that he noticed a car travel erratically at high speed through the town. He gave chase and Cockrum was soon aware of his presence. When Cockrum reached Sheridan, Montana, he parked his car and awaited the appearance of the pursuing vehicle. Whitney soon arrived and pulled up in front of Cockrum's car. Cockrum got out of his car and stood by the open door.

Whitney emerged from his unmarked car, a 1954 Buick, wearing old clothes and an old hat. His badge and gun were covered by a coat. He approached Cockrum, failed to identify himself and then told Cockrum to come with him. Cockrum, unaware of Whitney's identity, grabbed a wine bottle and hit Whitney on the head. He turned to get back in his car and Whitney shot him.

Loucks was the sheriff of Madison County. Whitney, in addition to his Twin Bridges town marshal assignment, was a special deputy sheriff whose services were limited to special occasions and service of process. Loucks's only connection with the events of this case was to relay an FBI notice to the bank in Twin Bridges on the previous afternoon.

At the trial, Cockrum testified that he was frightened, that Whitney looked like a bum and that he grabbed the bottle and hit him. Whitney said that his mind went blank and that he did not remember the shooting. The parties agreed that Whitney was acting under color of law.

In setting aside the verdict and granting the judgment n. o. v., the trial judge held that the shooting was not Whitney's fault but was caused by Cockrum's bottle blow. He found that the marshal reacted to an unjustifiable battery, that he was privileged to use force to resist the attack and that the force was not excessive under the circumstances.

[redacted] The standards for granting a judgment n. o. v. and for a directed verdict are the same. Standard Accident Ins. Co. v. Winget, 197 F.2d 97, 100 (9th Cir. 1952). Neither should be granted unless "the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict . . . ." Brady v. Southern Ry., 320 U.S. 476, 479, 64

S.Ct. 232, 234, 88 L.Ed. 239 (1943). *See also* Washington v. United States, 214 F.2d 33, 40–41 (9th Cir.), *cert. denied,* 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679 (1954). Upon appeal, we are "bound to view the evidence in the light most favorable to [Cockrum] and to give [him] the benefit of all inferences which the evidence fairly supports, even though contrary inferences might reasonably be drawn." Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 696, 82 S.Ct. 1404, 1409, 8 L.Ed.2d 777 (1962).

■■ The trier of fact could draw one of two inferences from the evidence: Whitney unjustifiably shot Cockrum or that Whitney was justifiably provoked into shooting him. It is the jury, not the judge, which "weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. . . . Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Tennant v. Peoria & P. U. Ry., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944). *See also* Continental Ore, *supra,* 370 U.S. at 700–701, 82 S.Ct. 1404.

■ Here the trial judge did reweigh the evidence, selecting one inference over the one chosen by the jury and essentially holding that Whitney acted in self-defense to an unjustifiable battery. As to Whitney, this constituted reversible error.

■ The trial judge also ordered the verdict against defendant Loucks set aside. Since there was no evidence that Whitney was, at the time of the incident, acting as a special deputy sheriff, that ruling was correct.[1]

We affirm the judgment in favor of Loucks. We reverse the judgment in favor of Whitney and remand the case to allow the district judge to rule on Whitney's motion for a new trial and such additional proceedings as may be necessary. *See* Gordon Mailloux Enterprises, Inc. v. Firemen's Ins. Co., 366 F. 2d 740, 741–742 (9th Cir. 1966).

Affirmed in part and reversed in part.

---

1. Cockrum also argued that Loucks was negligent in his training and supervising of Whitney. *See* Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358, 365 (1971), rev'd on other grounds, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). We express no opinion on that theory of liability because there were no facts to support it.