Mary I. BOETTGER, Administratrix of the Estate of Clarence Stensrude, Jr., Deceased, Appellant,

v.

Dave MOORE et al., Appellees.

No. 72-1261.

United States Court of Appeals, Ninth Circuit.

July 31, 1973.

Jess L. Angstman, Havre, Mont., John F. Bayuk, Shelby, Mont., D. Patrick McKittrick, of Hilley & McKittrick, Great Falls, Mont., for appellant.

Smith, Emmons & Baillie, Great Falls, Mont., for appellees.

Before KOELSCH, HUFSTEDLER, and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

The administratrix of a decedent's estate sued two police officers, the chief of police, the mayor, and eight city councilmen of Havre, Montana, for damages under 42 U.S.C. § 1983, for depriving the decedent of his civil rights by shooting him to death in the course of police work.

The district court dismissed the action against the mayor and councilmen. The action continues against the remaining defendants. The plaintiff filed a premature notice of appeal without receiving from the District Court the certificate required by Fed.R.Civ.P. 54(b). The certificate was subsequently obtained and is now a part of the record on appeal. We treat the Rule 54(b) certificate as filed with leave of this court, because it was filed in response to a court-directed inquiry from the clerk concerning an obvious deficiency in the record.

Plaintiff argues that the city officials are vicariously liable under 42 U.S.C. §§ 1983 and 1988 because, under state law, the doctrine of *respondeat superior* imposes personal liability on them. No act of misconduct or negligence is alleged on the part of any respondent.

We have held that when a state, by statute, has imposed upon a sheriff liability for the misconduct of his appointees, the sheriff can be sued under §§ 1983 and 1988. Hesselgesser v. Reilly, 440 F.2d 901 (9th Cir. 1971). *Hesselgesser* posed a two-part question: (1) does the Civil Rights Act give recognition to the laws of the states pertaining to such vicarious liability, and (2) do the laws of the particular state where the action arose create such liability. 440 F.2d at 903.

The traditional rule is that higher city officials are not liable under the doctrine of *respondeat superior* for the acts of lower officials because the lower officials are not the employees of the higher officials; both are fellow servants of the city, an immune governmental agency. Restatement (Second) of Agency § 245, comment h (1957). *See* Robertson v. Sichel, 127 U.S. 507, 88 S. Ct. 1286, 32 L.Ed. 203 (1888). This is also the rule in Montana. Boettger v. Employers Liability Assurance Corp., 158 Mont. 258, 490 P.2d 717 (1971).

Thus, assuming that *Hesselgesser* requires the district court to look to state law, the district court correctly found no liability. Montana has not imposed vicarious liability upon its city officials in this type of case. Boettger v. Employers Liability Assurance Corp., *supra*. *See also* Cockrum v. Whitney, 479 F.2d 84 (9th Cir. 1973).

Affirmed.