Arlin Perez QUICHOCHO and Antonio Balajadia Quichocho, a minor, by his next friend Arlin Perez Quichocho, Plaintiffs-Appellants,

v.

KELVINATOR CORPORATION and M. V. Pangelinan Enterprises, dba Guam Furniture Mart, Defendants-Appellees.

No. 75–1938.

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1976.

Lawrence J. Teker (argued), Trapp, Gayle, Teker, Weeks & Friedman, Agana, Guam, for plaintiffs-appellants.

Alan E. Dear (argued), Klemm & Dear, Agana, Guam, for defendants-appellees.

Before TRASK, KENNEDY, Circuit Judges, and KING,* District Judge.

* The Honorable Samuel P. King, Chief United States District Judge for the District of Hawaii, sitting by designation.

SAMUEL P. KING, District Judge.

This appeal arises from an action for wrongful death brought by the wife and son of Antonio Balajadia Quichocho. Mr. Quichocho, while a patient in Guam Memorial Hospital, was electrocuted when he touched a metal water pipe while simultaneously touching a window frame which had a powerful electrical current passing through it. The current originated in an air conditioner which had been manufactured by defendant Kelvinator Corporation and was later installed by the Guam Memorial Hospital. The Hospital is not a part of this action.

The district judge refused to direct a verdict for either the plaintiffs or the defendants. The jury subsequently returned a verdict for defendants and the district judge refused to grant a judgment n. o. v. in favor of the plaintiffs. Plaintiffs appeal from the district court's rulings on its motions for a directed verdict and for a judgment n. o. v.

■ The standards for determining whether a motion for a directed verdict or a motion for judgment n. o. v. should be granted are identical; in each case, the correct test is whether or not, viewing the evidence as a whole, "there is substantial evidence present that could support a finding, by reasonable jurors, for the nonmoving party." *See Chisholm Bros. Farm Equipment Co. v. International Harvester Co.,* 498 F.2d 1137, 1140 (9th Cir. 1974). With this standard as our guide, we review the evidence in the record.

■ There is no serious dispute that the capacitor in the air conditioner was defective and that but for the defective capacitor the electric current which killed Mr. Quichocho would not have done so. The key question [1] for our purposes is whether there

1. Appellees argue that the defective capacitor was not the proximate cause of plaintiffs' decedent's injury since the current would not have reached Mr. Quichocho's body had there not been certain defects in the installation of the air conditioner. These other defects are at most concurrent, but not intervening, causes and cannot relieve defendants of any liability it might otherwise incur. *See Austin v. Riverside Portland Cement,* 44 Cal.2d 225, 234, 282 P.2d 69, 74 (1955).

was sufficient evidence for the jury to have reasonably concluded that the defect arose after the air conditioner had been placed on the market and delivered to the hospital for installation, *see Lindsay v. McDonnell Douglas Aircraft Corp.,* 460 F.2d 631, 637 (8th Cir. 1972), or whether the evidence was such that the jury could reasonably have reached no other conclusion than that the defect was present before the manufacturer parted with the air conditioner. *See* Restatement (Second) of Torts, § 402A(1)(b), and comment g(19).

We recognize that a jury may ordinarily infer from circumstantial evidence that a product was defective at the time of sale and that direct evidence was not necessary. *See Reader v. General Motors Corp.,* 107 Ariz. 149, 154, 483 P.2d 1388, 1393 (1971) and *Wojciechowski v. Long-Airdox Division of Marmon Group, Inc.,* 488 F.2d 1111, 1116 (3d Cir. 1973). In this case, such an inference would have been permissible if only because the accident occurred a mere six weeks after the air conditioner was installed. That this inference was permissible, however, does not mean that the jury was bound to accept it. *See Lindsay v. McDonnell Douglas Aircraft Corp., supra,* 460 F.2d at 640. Even if we were prepared to say that the proximity of the date of sale and the date of the accident shifted the burdens of going forward and persuasion to the defendants, the defendants in this case introduced credible evidence that environmental factors in Guam such as the exceptional salinity, dustiness and humidity of the air could have caused the defect in the capacitor within six weeks of installation. Viewing this evidence, as we must, in the light most favorable to the appellees, we conclude that a reasonable jury could have returned a verdict for defendants. Therefore the district court's ruling must be permitted to stand. *See Cockrum v. Whitney,* 479 F.2d 84, 86 (9th Cir. 1973).

Appellees also argue that the repetition in three instructions of the "unreasonably dangerous" language of § 402A of the Second Restatement of Torts was unduly prejudicial. Since plaintiffs apparently

concede that the district court's adoption of the Restatement formulation was not error, we cannot say that the repetition of that formulation was reversible error. *See Bobsee Corp. v. United States,* 411 F.2d 231, 240 (5th Cir. 1969).