**Lawrence S. WAGLE, Plaintiff-Appellant,**

**v.**

**H. Max MURRAY, as Principal of the R. A. Long High School, and H. Max Murray & Jane Doe Murray, husband and wife, Individually, Russell Esvelt & Jane Doe Esvelt, husband and wife, Milton H. Smith, as Superintendent of Longview School District No. 122, Betty Buck, Harold Freiberg, David Hallin, Raymond McDermott & Eunice Van Sickle, as Members of the Board of Directors of Longview School District No. 122, Betty Buck and Charles E. Buck, husband and wife, Raymond McDermott and Jane Doe McDermott, husband and wife, Eunice Van Sickle and R. V. Van Sickle, wife and husband, Longview School District No. 122, a Washington Municipal Corporation, Defendants-Appellees.**

**No. 73-2066.**

United States Court of Appeals, Ninth Circuit.

Sept. 2, 1977.

Rehearing Denied Sept. 29, 1977.

Frederick L. Noland, MacDonald, Hoague & Bayless, Seattle, Wash., Jerry D. Anker, Washington, D. C., argued, for plaintiff-appellant.

Alvin A. Anderson, Tacoma, Wash., argued, for defendants-appellees.

Before BROWNING and CHOY, Circuit Judges, and WEIGEL,* District Judge.

PER CURIAM:

The jury returned a verdict of $50,000 for appellant in his action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against school officials and a school district, alleging termination of appellant's employment as a high school teacher for exercising rights under the First Amendment. The trial judge granted appellees' motion for judgment notwithstanding the verdict. On appeal we reversed. On petition for certiorari the Supreme Court vacated our judgment and remanded for further consideration in light of *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). *Murray v. Wagle*, 431 U.S. 935, 97 S.Ct. 2645, 53 L.Ed.2d 252 (1977).

*Mt. Healthy* held that a teacher allegedly fired for exercising First Amendment rights has the burden of proving his conduct was constitutionally protected and was a "motivating factor" in the decision not to rehire him. The burden then shifts to the school district and officials to show by a preponderance of the evidence that the teacher would have been fired even in the absence of the protected conduct. *Mt. Healthy City School District v. Doyle, supra*, 429 U.S. at 287, 97 S.Ct. 568.

In the present case the jury was instructed that appellant contended his contract would have been renewed "but for" his exercise of constitutionally protected rights

---

* Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

and had the burden of showing that his contract was not renewed "because of" his exercise of those rights. The jury was further instructed that in order to find against the school officials, as it did, it must find they did not renew appellant's contract "without having probable cause to believe that plaintiff was ineffective as a teacher."

■ These instructions considered as a whole required appellant to show by a preponderance of the evidence that his contract would have been renewed except for his exercise of constitutionally protected rights. This is a greater burden of proof than that imposed upon the teacher in *Mt. Healthy.*

■ Appellees argue that the comments of the district judge when he granted judgment n. o. v. establish that the judge applied the *Mt. Healthy* standard, and that the court's judgment should therefore be affirmed. *Mt. Healthy* indicates the "trier-of-fact" should determine whether the firing would have occurred without the protected conduct. *Mt. Healthy City School District v. Doyle, supra,* 429 U.S. at 286, 97 S.Ct. 568. In *Mt. Healthy,* the case was tried to the judge. *See id.* at 287, 97 S.Ct. 568. In the present case, however, trial was to a jury. It was for the jury, not the judge, to determine whether appellant would have been fired in any event. The judgment n. o. v. can stand only if the evidence was insufficient for the jury to arrive at its verdict. *Cockrum v. Whitney,* 479 F.2d 84, 85 (9th Cir. 1973). As indicated in our original opinion, the evidence was sufficient. *See Wagle v. Murray,* 546 F.2d 1329, 1334–35 (9th Cir.), *vacated and remanded on other grounds,* 431 U.S. 935, 97 S.Ct. 2645, 53 L.Ed.2d 252 (1977).

Upon reconsideration, therefore, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion and the opinion at 546 F.2d 1329.