334 F.2d 797
 Ronald J. WOJTAS, a minor, by his next friend, John C.
Wojtas, Ralph Joseph Schulte, a minor, by his next
friend, William Schulte, John C. Wojtas
and Sophie Wojtas, Plaintiffs-Appellants,
v.
VILLAGE OF NILES, a municipal corporation of the State of
Illinois,Defendant-Appellee.
 No. 14495.
 United States Court of Appeals Seventh Circuit.
 July 6, 1964, Rehearing Denied July 23, 1964.
 
 Joel J. Sprayregen, George Pontikes, Chicago, Ill., for appellants.
 Gilbert J. Rogers, James A. Geocaris, John A. Doyle, Alvin G. Hubbard, Reese Hubbard, Chicago, Ill., for Village of Niles, defendant-appellee, Hubbard, Hubbard, O'Brien & Hall, Chicago, Ill., of counsel.
 Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 This action was brought by Ronald J. Wojtas, a minor, by his next friend, John C. Wojtas, Ralph Joseph Schulte, a minor, by his next friend, William Schulte, John C. Wojtas and Sophie Wojtas, plaintiffs, in the district court against the Village of Niles, a municipal corporation of the State of Illinois, defendant, and certain named police officers of the village.[1]
 
 
 2
 Counts One and Two of the complaint asserted actions for damages, under the federal civil rights act, 42 U.S.C.A. 1983, 1985 and 1986, against the police officers. The Village of Niles was not named as a defendant in said counts. Under counts Three, Four and Five, plaintiffs set forth actions based on Illinois state law and sought damages for false arrest and imprisonment, malicious prosecution and assault.[2]
 
 
 3
 The action is awaiting trial on the merits in the district court. Plaintiffs' brief frankly states that this appeal is predicated solely on the 'error' of the court below in entering a final judgment order dismissing counts Three, Four and Five, as to defendant-appellee Village of Niles.
 
 
 4
 No diversity of citizenship is asserted in the complaint.
 
 
 5
 1. The sole contested issue before us is whether plaintiffs may maintain this action against the defendant village in a federal district court, on a cause of action arising under Illinois state law, by joining it in the same complaint with their cause of action under the federal civil rights act against police officers of the village who were acting as such when the events complained of occurred.
 
 
 6
 Because Siler v. Louisville & Nashville R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909) was discussed in Hurn v. Oursler, 289 U.S. 238, 245, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), relied upon by plaintiffs, we shall first discuss the Siler case.
 
 
 7
 At 191, of 213 U.S., 29 S.Ct. 451, the Supreme Court held that when a federal district court (there known as the Circuit Court of the United States for the Eastern District of Kentucky) was presented by plaintiff with contentions that a state statute was invalid because it violated the federal constitution, it properly obtained jurisdiction, and having properly obtained it, the court had the right to decide all the questions in the case, even though it decided the federal question adversely to the party raising it, or even if it omitted to decide it at all, but decided the case on local or state questions only.
 
 
 8
 In Oursler, 289 U.S. at 245, 53 S.Ct. at 589, Siler is recognized as stating a general rule broadly and without qualification. However, the court added that it is 'a rule of general application, and we hold it to be such-- as controlling in patent, trademark, and copyright cases as it was in the cases where it is announced.' However, the court then said at 245, 53 S.Ct. at 589:
 
 
 9
 'But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action.'
 
 
 10
 In Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195 (1938), the court considered, at 324-325, 59 S.Ct. at 196, the impact of Oursler. It said that in Armstrong the court's jurisdiction of one cause of action,
 
 
 11
 'the alleged infringement of the trade-mark, persists to deal with all grounds supporting it, including unfair competition with the marked article. The cause of action is the inference with the exclusive right to use the mark 'Nu-Enamel.' If it is a properly registered trade-mark, a ground to support the cause of action is violation of the Trade-Mark Act. If it is not a properly registered trade-mark, the ground is unfair competition at common law. The facts supporting a suit for infringement and one for unfair competition are substantially the same. They constitute and make plain the wrong complained of, the violation of the right to exclusive use.'
 
 
 12
 Further, in Armstrong, at 325, 59 S.Ct. at 196, the court added:
 
 
 13
 '* * * Registration of 'Nu-Enamel' furnished a substantial ground for federal jurisdiction. That jurisdiction should be continued to determine, on substantially the same facts, the issue of unfair competition.'
 
 
 14
 However, at 333, in note 19, 59 S.Ct. at 200, the court said:
 
 
 15
 'Since neither party has relied upon state law, we do not consider any effect it might have on our conclusions.'
 
 
 16
 We do not consider that anything said in Armstrong supports the contention of plaintiffs in the case at bar.
 
 
 17
 We hold that the mere incorporation of counts Three, Four and Five, based upon Illinois law, in a complaint otherwise based entirely upon alleged violations of a federal statute and the fourteenth amendment to the constitution of the United States, does not give the district court jurisdiction of those three counts.
 
 
 18
 2. Moreover, the lack of diversity of citizenship between plaintiffs and the Village of Niles, an Illinois municipal corporation, is fatal to the district court's jurisdiction to adjudicate upon these three counts. McPherson v. Hoffman, 6 Cir., 275 F.2d 466, 470 (1960); Pearce v. Pennsylvania R. Co., 3 Cir., 162 F.2d 524 (1947), cert. denied, 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350; Wasserman v. Perugini, 2 Cir., 173 F.2d 305 (1949); Kern v. Standard Oil Company, 8 Cir., 228 F.2d 699, 701 (1956); and Kerr v. Compagnie de Ultramar, 2 Cir., 250 F.2d 860 (1958) at 864, where the court said:
 
 
 19
 '* * * Because, however, of the limitations on federal jurisdiction, such otherwise proper joinder destroys the jurisdiction of the court. * * *'
 
 
 20
 For these reasons, the judgment order from which this appeal has been taken is affirmed.
 
 
 21
 Judgment order affirmed.
 
 
 
 [1]
 Edward P. Dennis, Clarence Emriksen, William Terpinas, Frank Wichlak, John Kraus, Frank Stankowicz, Jr., Joseph Wieboldt and Philip Cunningham
 
 
 [2]
 Count Six involved a claim for injunction against all defendants, including the village, under the civil rights act. It filed an answer to count Six