Donald L. DRENNAN and Flora Lam,
Plaintiffs,

v.

CITY OF LAKE FOREST, et al.,
Defendants.

No. 72 C 2491.

United States District Court,
N. D. Illinois, E. D.

Dec. 8, 1972.

Robert C. Hultquist, Donald M. Rose, Thomas Stepanich, Joseph M. Ladd, Chicago, Ill., for plaintiffs.

Burgeson, Laughlin, Cunningham & Smith, Chicago, Ill., for defendants Gildemeister, Rogers and City of Lake Forrest.

Richard G. Raysa, Oak Park, Ill., for defendant Blanchette.

## MEMORANDUM OPINION

*Motion To Dismiss*

MAROVITZ, District Judge.

This suit was filed in four counts against the City of Lake Forest, it's

Chief of Police and certain police officers alleging various violations of plaintiffs' rights arising out of the entry of plaintiffs' apartment and their subsequent arrest for illegal possession of drugs.

Count I of the complaint brought pursuant to 42 U.S.C. § 1983 alleges that Lake Forest police officers acting under color of state law subjected plaintiff, Donald L. Drennan, to illegal search and seizure, illegal arrest and detention and cruel and unusual punishment, all in violation of plaintiff's Fourteenth Amendment rights. Count II reiterates the same § 1983 charges in regard to plaintiff Flora Lam. Counts III and IV of the complaint allege the same set of facts as Counts I and II but rather than seeking relief based upon the Federal Statutes seek recovery under Illinois law for assault, battery, false arrest and imprisonment and negligence.

Defendant, Charles W. Gilbert has moved for the dismissal of Counts III and IV which are based on Illinois law on the grounds that this is not a case where pendent jurisdiction ought to be exercised on the independent state claims. Defendant, City of Lake Forest, has also moved to dismiss Counts I and II, the Federal claims, as to the City of Lake Forest on the grounds that a 42 U.S.C. § 1983 suit cannot be brought against a municipality. In addition, the City argues that even assuming that pendent jurisdiction is proper for the State claims in regard to defendant individuals, if the City is dismissed from the Federal Counts then pendent jurisdiction would not be applicable to the City in view of the fact that the sole basis for jurisdiction would be grounded in the pendent State claims.

■ Defendant Gilbert has now indicated that the motion to dismiss Counts III and IV for lack of pendent jurisdiction will be withdrawn. In view of the preponderance of law that decision is a wise one. There is no doubt that the State and Federal claims in this case not only arrive from a common nucleus of operative facts, but are in fact identical, that a substantial Federal claim exists and that plaintiffs' claims irrespective of their Federal or State character would be tried in one judicial proceeding. Consequently it is obvious that the requirements for pendent jurisdiction as stated in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) have been met. Thus this Court will exercise its power of pendent jurisdiction over Counts III and IV.

■ We will however grant the motion to dismiss the City of Lake Forest from all Counts. As to Counts I and II, the Federal claims brought pursuant to 42 U.S.C. § 1983, the law has been clear since Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) that municipalities are excluded from liability under the Civil Rights Act since they are not "persons" as defined in the Statutes.

Some exceptions to this rule have admittedly arisen. Although the District of Columbia Court in Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971) conceded that the language in Monroe seemed to preclude a suit against a municipality under § 1983 the Court went on to limit the holding of Monroe to a suit for damages against a municipality which had been clothed in immunity by its parent state. The reasoning of the Court was that the intent of Congress was to *defer* to the immunity that existed under local common law rather than to *create* municipal immunity and where that local law itself has abolished municipal immunity the scope of § 1983 immunity should follow suit.

■ It might then be argued that since the City of Lake Forest can be sued under *State law* then the immunity of § 1983 ought not apply. The *Carter* decision, however, has not been closely followed, the principle distinction being made that the *Carter* Court based a major part of its finding on the ground that Congress had the power to impose liability on the District of Columbia thus making the *Monroe* decision regarding

municipal immunity inapplicable to the District. See Brown v. Town of Caliente, 392 F.2d 546 (9th Cir. 1968) and Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972).

The Seventh Circuit in Ries v. Lynskey, 452 F.2d 172 (7th Cir. 1971) has also explicitly refused to follow the *Carter* decision citing *Brown, supra,* and indicating that *Monroe* clearly excludes municipalities from liability under the Civil Rights Act. We therefore dismiss the City of Lake Forest from Counts I and II of the complaint.

Counts III and IV present somewhat of a more difficult problem. Having exercised pendent jurisdiction over the State law claims plaintiffs would have us now retain the City of Lake Forest in Counts III and IV of this suit since the City can be sued under State law. The question to be resolved therefore is whether *parties* not present in the Federal portion of suit can be joined solely on the basis of the State claims through pendent jurisdiction.

The doctrine of pendent jurisdiction has been applied in connection with service of process in order to permit extraterritorial service over non-resident defendants as to the nonfederal claim even where service would not be permitted under State law so long as service as to the Federal claim is proper. See Cooper v. North Jersey Trust Co., 226 F.Supp. 972 (S.D.N.Y.1964) and Sprayregen v. Livingston Oil, 295 F.Supp. 1376 (S.D. N.Y.1968). The extension of jurisdiction in cases such as these is understandable when one considers that the jurisdictional power emanates from the Federally based claim to bring within its ambit the State claims also.

Several Courts have permitted the extension of jurisdiction over additional parties who were not involved in the Federal claim and whose sole connection with the case arose from the pendent State law claim such as in our case. See Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809 (8th Cir. 1969); Connecticut Gen. Life Ins. Co. v. Craton, 405 F.2d 41 (5th Cir. 1968); Jacobson v. Atlantic City Hosp., 392 F.2d 149 (3rd Cir. 1968); Wilson v. American Chain and Cable Co., 364 F.2d 558 (3rd Cir. 1966); Stone v. Stone, 405 F.2d 94 (4th Cir. 1968).

However this Circuit as well as several others have reached the opposite conclusion. Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964). See also Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972); Hymer v. Chai, 407 F.2d 136 (9th Cir. 1969); Williams v. United States, 405 F.2d 951 (9th Cir. 1969); Barrows v. Faulkner, 327 F.Supp. 1190 (N.D.Okl.1971); Hall v. Pacific Maritime, 281 F.Supp. 54 (N.D.Cal.1968); Rosenthal & Rosenthal, Inc. v. Aetna Casualty and Assurance Co., 259 F.Supp. 624 (S.D.N.Y.1966); Gautreau v. Central Gulf S. S. Corp., 255 F.Supp. 615 (E.D.La.1966).

In *Wojtas, supra,* the plaintiffs sued various police officers under 42 U.S.C. §§ 1983, 1985 and 1986 in Counts I and II wherein the Village of Niles was not named as a defendant. Under Counts III, IV and V plaintiffs based their charge on Illinois law adding the Village of Niles as a defendant. Quite conceivably the Village was omitted from the first Counts on the basis of Monroe v. Pape, *supra,* which held that municipalities were immune from prosecution under § 1983 et seq. The District Court dismissed the Village from the State claims and plaintiffs appealed. The Circuit Court held that no jurisdiction attached to the Village of Niles in regard to the pendent State claims in Counts III, IV and V since the Village was not a proper party in the Federal claims to which the State claims were pendent.

Similarly in Patrum v. City of Greensburg, Ky., 419 F.2d 1300 (6th Civ. 1969), a civil rights suit against a city and its police officers, the Court held that as a municipality Greensburg was immune from a § 1983 suit under *Monroe, supra,* and that the City could not be joined by way of pendent jurisdiction under the State law claims, citing *Wojtas, supra.*

It is therefore apparent that pendent jurisdiction is available only to join claims and not parties. The City of Lake Forest as a municipality is immune to a § 1983 suit under Monroe v. Pape, *supra*, and is dismissed from Count I and II of this suit. There being no pendent jurisdiction as to the City of Lake Forest in regard to the State claims in Counts III and IV the City is dismissed from those Counts as well and consequently from the entire suit.