**LINCOLN MANUFACTURING COMPANY, INC., et al., Plaintiffs,**

v.

**Burton L. STERN, etc., and First National Bank of Highland Park, Defendants.**

No. 81 C 1177.

United States District Court,
N. D. Illinois, E. D.

May 26, 1981.

Michael A. Pope and Mitchell H. Frazen and Phelan, Pope & John, Ltd., Chicago, Ill., of counsel, for plaintiffs.

Narcisse A. Brown and Martin W. Salzman and Schwartz, Cooper, Kolb & Gaynor, Chartered, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

PERRY, Senior District Judge.

This cause comes on upon the motion of defendant First National Bank of Highland Park (hereinafter "Bank") to dismiss Counts VII and VIII of the Complaint herein. Said counts contain state law claims only, and said defendant is named in said counts only, the first six counts of the complaint being directed against other defendants who are charged with having violated the Employee Retirement Income Security Act of 1974 (commonly called "ERISA"), 29 U.S.Code, §§ 1001 et seq. In their complaint plaintiffs have alleged pendent jurisdiction, and, in their answering memorandum in opposition to said motion to dismiss Counts VII and VIII, plaintiffs contend that this court should apply the doctrine of pendent jurisdiction to allow the joinder of defendant Bank in order to conserve judicial energy and to avoid multiplicity of litigation because all of the plaintiffs' claims, —including those contained in Counts VII and VIII,—arise out of a single common nucleus of operative fact, viz., the embezzlement of more than $600,000,—a fraud perpetrated by means of an unauthorized bank account established by conspirators at defendant Bank,—and because the counts directed at the Bank allege as alternative bases of liability: (1) the Bank's breach of duties owed to the plaintiffs in allowing the establishment of the unauthorized account, and (2) the participation of the Bank in a fraudulent conspiracy to convert funds belonging to, or held in trust by, the plaintiffs.

The question whether "pendent" federal jurisdiction encompasses not merely the litigation of additional *claims* between parties with respect to whom there is federal jurisdiction but also the joining of additional *parties* with respect to whom there is no independent basis of federal jurisdiction, has been much litigated in inferior federal courts and much discussed by commentators subsequent to the "liberalization" of the pendent jurisdiction doctrine in *Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Aldinger v. Howard*, 427 U.S. 1, 6, 96 S.Ct. 2413, 2416, 49 L.Ed.2d 276 (1976). Many lower federal courts have permitted a state law claim to be asserted over an additional party who was not involved in the federal claim and whose sole connection with the case stemmed from the pendent state law claim, but several other lower federal courts have reached the opposite result. See, e. g., cases cited in *Moor v.*

*County of Alameda*, 411 U.S. 693, 713–714 nn.29–30, 93 S.Ct. 1785, 1797–1798 nn.29–30, 36 L.Ed.2d 596 (1973). In *Moor, supra,* the Supreme Court was presented with the question that is before this court, *viz.,* Can a District Court hear state law claims against a defendant over whom there is no independent federal basis for jurisdiction, where the non-federal claims arise out of the same facts and circumstances as viable federal claims against the other defendants? While observing that the question of whether there exists judicial *power* to hear such state law claims is "a subtle and complex question with far-reaching implications", the Court nonetheless declined to resolve "this difficult issue" and, instead, held that the District Court, in exercising "its legitimate discretion", properly refused to exercise pendent jurisdiction over the state law claims. *Moor, supra,* 411 U.S. at 715–717, 93 S.Ct. at 1798–1799. Nor has the Supreme Court yet decided this "subtle and complex question with far-reaching implications".

Whatever may be the law in certain other Circuits, the law in this Seventh Circuit, both *ante-* and *post-Gibbs,* is that this court lacks jurisdiction to hear pendent state law claims against one who is not already a party defendant to a validly-existing federal claim. *Hampton v. City of Chicago,* 484 F.2d 602, 611 (7th Cir. 1975), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471, citing *Wojtas v. Village of Niles,* 334 F.2d 797, 799 (7th Cir. 1964), *cert. denied,* 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558. The court finds that these cases control the case at bar.

Plaintiffs have cited three cases from this Circuit,—*United Pacific Insurance Co. v. Capital Development Board of the State of Illinois,* 482 F.Supp. 541 (N.D.Ill.1979); *National Bank & Trust Co. v. U. S.,* 589 F.2d 1298 (7th Cir. 1978), and *Bianco v. American Broadcasting Companies, Inc.,* 470 F.Supp. 182 (N.D.Ill.1979),—but these cases have been accurately distinguished by defendant Bank in its reply memorandum.

Finally, even assuming *arguendo* that our Court of Appeals will overrule its holding in

*Wojtas, supra,* and will declare that this court has judicial *power* to hear the state claims against defendant Bank, this court declines, in the exercise of its legitimate discretion, to exercise pendent jurisdiction over said claims for reasons of avoiding the likelihood of jury confusion. See *Moor, supra,* 411 U.S. at 715, 93 S.Ct. at 1798, citing *Gibbs, supra,* 383 U.S. at 726–727, 86 S.Ct. at 1139–1140.

For the foregoing reasons, it is ORDERED that said motion to dismiss Counts VII and VIII of the complaint herein be and it hereby is granted, and that defendant First National Bank of Highland Park be and it hereby is DISMISSED from this action without the merits of the claims in Counts VII and VIII having been considered.