Mary Alice SPARKS, Administratrix of the Estate of Robin Lee Sparks, Deceased,

v.

Arthur L. HERSHEY, Francis Boback, William K. E. Kaufman, Carl W. Garland, Max H. Norris, Sr., Paul Morgart and Donald Oyler.

Mary Alice SPARKS, Administratrix of the estate of Robin Lee Sparks, Deceased,

v.

COUNTY OF BEDFORD

v.

MEMORIAL HOSPITAL OF BEDFORD COUNTY.

Appeal of Mary Alice SPARKS, Administratrix of the Estate of Robin Lee Sparks, Deceased.

Mary Alice SPARKS, Administratrix of the Estate of Robin Lee Sparks, Deceased,

v.

Arthur L. HERSHEY, Francis Boback, William K. E. Kaufman, Carl W. Garland, Max H. Norris, Sr., Paul Morgart and Donald Oyler.

Mary Alice SPARKS, Administratrix of the estate of Robin Lee Sparks, Deceased,

v.

COUNTY OF BEDFORD

v.

MEMORIAL HOSPITAL OF BEDFORD COUNTY.

The Memorial Hospital of Bedford County, Third-party-Defendant, Appellant in No. 81–1350.

Nos. 81–1349, 81–1350.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Sept. 21, 1981.

Decided Oct. 5, 1981.

Richard J. Federowicz, Weis & Weis,
Pittsburgh, Pa., for appellant, Memorial
Hospital of Bedford County.

H. Fred Mercer, Mercer, Mercer, Carlin & Scully, Pittsburgh, Pa., for appellee, County of Bedford.

Francis X. O'Brien, Jr., Office of Chief Counsel, Penna. State Police, Harrisburg, Pa., Thomas J. Reinstadtler, Egler & Reinstadtler, Pittsburgh, Pa., for appellees.

Maureen Dunn Harvey, Wallace, Chapas & Gravina, Pittsburgh, Pa., for appellee Mary Alice Sparks.

Before ALDISERT, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT
### PER CURIAM:

These appeals from interlocutory orders of the district court in a civil rights case present two questions for decision. We must decide whether we have jurisdiction to entertain Memorial Hospital's appeal from the denial of its motion to dismiss a third party complaint brought against it by defendant Bedford County. The district court directed entry of a final judgment on its order denying the motion, pursuant to Fed. R.Civ.P. 54(b). In the appeal brought by Mary Alice Sparks, Administratrix, we must decide whether the district court abused its discretion in refusing to exercise pendent jurisdiction over state law claims brought under the Pennsylvania wrongful death and survival acts. The district court also directed entry of a final judgment on its order declining jurisdiction. We will dismiss the hospital's appeal for want of a final order and reverse the decision on pendent jurisdiction.

## I.

The essential facts are not in dispute. Plaintiff's decedent attempted suicide by taking a drug overdose and was rushed to Memorial Hospital of Bedford County. There he became "rowdy" and the hospital summoned the Pennsylvania state police. App. at 7. Although he was a minor, the police confined him in the county jail. Some eighteen hours later he hanged himself in his cell.

Appellant Sparks, the decedent's mother, filed separate complaints against the individual defendants and Bedford County. The complaints are identical in all material respects; each sets out three counts claiming relief based on 42 U.S.C. § 1983 (civil rights), 42 Pa.Cons.Stat.Ann. § 8301 (wrongful death), and 42 Pa.Cons.Stat.Ann. § 8302 (survival action). The two complaints were consolidated by order of the district court. Bedford County filed a third party complaint against the hospital claiming contribution and indemnity. The hospital moved to dismiss the third party complaint, and the county subsequently moved "to dismiss [the] civil rights count and transfer the death actions to Bedford County." App. at 88.

The district court determined that count one of Sparks' complaint "alleges a possibly viable civil rights cause of action" but that counts two and three "are unrelated and collateral matters not connected with the civil rights cause of action." App. at 93. The court therefore denied the motion to dismiss the civil rights claim but granted the motion to dismiss counts two and three, the state law claims. It also denied the hospital's motion to dismiss the third party complaint. Sparks and the hospital filed separate appeals at Nos. 80–2008/2009, which this court dismissed by judgment order without prejudice to application for rule 54(b) certification. The district court thereafter entered rule 54(b) orders directing the entry of final judgments (1) dismissing Sparks' wrongful death and survival actions and (2) denying in part the hospital's motion to dismiss the third party complaint. Sparks and the hospital again appeal.

## II.

We first address the hospital's appeal at No. 81–1350. Rule 54(b) permits "the entry of a final judgment as to one or more but fewer than all of the claims or parties." An order *denying* a motion to dismiss a third party complaint cannot conceivably be treated as a final order. "Genuinely final disposition of a claim is required [by rule 54(b)]." 15 C. Wright, A.

Miller, & E. Cooper, Federal Practice and Procedure § 3909 at 449 (1976). "The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). *See Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). The hospital's appeal must be dismissed for lack of jurisdiction.

### III.

The question presented in Sparks' appeal is whether the district court abused its discretion by dismissing Sparks' state law claims. The applicable law is settled and is set forth in *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 478 (3d Cir. 1979):

> In *United Mine Workers v. Gibbs*, 383 U.S. 715 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966), the Supreme Court described those situations in which it is proper for a federal court to exercise pendent jurisdiction. Federal courts have the constitutional *power* to exercise pendent jurisdiction when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction on the court. 383 U.S. at 725 [86 S.Ct. at 1138]. Even if these constitutional requirements are met, the court has broad discretionary powers to decline pendent jurisdiction after considering judicial economy, convenience, fairness to the parties, and comity. *Id.* at 726 [86 S.Ct. at 1139].

We need only apply these settled precepts in our review of the district court's action.

The district court did not prepare an opinion analyzing the legal and discretionary issues identified by *Gibbs* and *Lentino*, but in ordering dismissal of the state claims noted its "opinion . . . that Counts II and III . . . are unrelated and collateral matters not connected with the civil rights cause of action." App. at 93. The state and federal claims clearly arise out of a common nucleus of operative facts, and therefore the court had "the constitutional *power* to exer-

cise pendent jurisdiction." *Lentino*, 611 F.2d at 478. Appellees concede as much. *See* brief for Appellee County of Bedford at 7. Sparks relies on the same factual allegations in her federal and state claims, and essentially the same factual issues will be presented in trials of the separate claims.

Notwithstanding the lack of a district court opinion, we conclude that the district court exercised its discretion. *Cf. In re Grand Jury Proceedings (McNabb)*, 658 F.2d 211, 217–218 (3d Cir. 1981) (inferring district court consideration of civil alternative to criminal contempt, notwithstanding failure to set forth decisionmaking process on the record); *United States v. North*, 621 F.2d 1255, 1261 n.9 (3d Cir.) (in banc), *cert. denied*, —— U.S. ——, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980) (same). The court's reference to "unrelated and collateral matters" indicates the conclusion of an analytical examination of the claims asserted, although that analysis itself is not on the record. On review, our role is not to determine how we would have exercised the "broad discretionary powers to decline pendent jurisdiction," *Lentino*, 611 F.2d at 478, had we been sitting as district judges. We only determine whether the district court misused that broad power.

Applying this standard of review and having determined that the state and federal claims emerge from a common nucleus of operative facts, we are persuaded that the district court erred in deciding that Counts II and III were unrelated and collateral to the civil rights action. Accordingly, we conclude that the district court misused its discretion in dismissing the state claims. *See Knuth v. Erie-Crawford Dairy Coop. Ass'n.*, 395 F.2d 420 (3d Cir. 1968). We do not hold that where there is a common nucleus of operative facts, state claims must always be appended to the federal claim; but where, as here, the district court does not set forth a persuasive, reasoned elaboration for dismissing the state claims, we are inclined to believe that the dictates of "judicial economy, convenience, fairness to the parties, and comity," *Lentino*, 611 F.2d at 478, are better served by recognizing pendent jurisdiction. This is especially true where it is desirable to avoid the possi-

**34**

bility of duplicating the recovery of damages. Here it is preferable for a single fact finder, under proper instruction from the court, to consider the varying elements of damages recoverable under the federal § 1983 claim and the state wrongful death and survival actions. *Compare, e. g., Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), *Cochetti v. Desmond*, 572 F.2d 102 (3d Cir. 1978), and *Basista v. Weir*, 340 F.2d 74, 84–88 (3d Cir. 1965), *with Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980), *Incollingo v. Ewing*, 444 Pa. 299, 282 A.2d 206, 225–29 (1971), and *Swartz v. Smokowitz*, 400 Pa. 109, 161 A.2d 330 (1960). We will therefore reverse the district court's order dismissing the pendent state claims and direct that court to exercise jurisdiction over them.

### IV.

The appeal at No. 81–1350 will be dismissed for want of jurisdiction. The judgment of the district court dismissing the state claims in the appeal at No. 81–1349 will be reversed and the cause remanded for further proceedings.