**Robert I. BURKETT, Plaintiff,**

v.

**WESTERN MARYLAND RAILWAY CO., Walter N. Yoder and Sons, Inc., and Westvaco Corporation, Defendants.**

Civ. A. No. 84–0072.

United States District Court,
M.D. Pennsylvania.

Oct. 18, 1984.

Joseph Smukler, Herman B. Poul, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Joseph Neff Ewing, Jr., Philadelphia, Pa., for defendants.

Jeffrey B. Rettig, Harrisburg, Pa., for third party defendant Walter N. Yoder & Sons & Westvaco.

## MEMORANDUM

CALDWELL, District Judge.

Defendants, Walter N. Yoder & Sons, Inc. (Yoder) and Westvaco Corporation (Westvaco), have moved pursuant to Fed.R. Civ.P. 12(b) to dismiss plaintiff's amended complaint against them for lack of complete diversity between the parties.[1] For the reasons set forth below, we grant the motion as to Yoder and deny it as to Westvaco.

Plaintiff's complaint alleges that he is a citizen of Maryland (¶ 7), Westvaco is a Delaware corporation with its principal place of business in New York (¶ 8), and Yoder is a Maryland corporation with its principal place of business in Maryland. (¶ 14). Plaintiff alleges he suffered personal injuries while working on the lines of the co-defendant, Western Maryland Railway Corporation (Western Maryland) as a result of the negligence of the three defendants. Jurisdiction over Western Maryland is predicated upon the Federal Employers' Liability Act (F.E.L.A.) 45 U.S.C. § 51 et seq.

Yoder and Westvaco contend that jurisdiction is lacking over them because Yoder and the plaintiff are both residents of Maryland. Hence, complete diversity between the parties is missing here and the complaint against the defendants must be dismissed. *See Schultz v. Cally*, 528 F.2d 470 (3d Cir.1975).

In rebuttal, plaintiff contends that diversity is established as to Westvaco, a Delaware corporation with its principal place of

---

1. Plaintiff had originally filed suit against defendant Western Maryland Railway Corporation. That defendant joined Yoder and Westvaco as third party defendants but by stipulation of the parties, plaintiff filed an amended complaint against all the defendants.

business in New York, *see* 28 U.S.C. § 1332(c), and that jurisdiction may be properly exercised over Yoder under the principal of pendent party jurisdiction.

◼ Pendent party jurisdiction addresses the issue of whether a district court may exercise jurisdiction over a plaintiff's non-federal claim against a person as to whom no independent basis of federal jurisdiction exists when federal jurisdiction over another defendant is proper. *See Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474 (3d Cir. 1979). Plaintiff cites *Sparks v. Hershey*, 661 F.2d 30 (3d Cir.1981), and *Lentino, supra,* in support of his contention that jurisdiction over Yoder is proper here. Those cases are inapposite, however, because they both deal with pendent jurisdiction over plaintiff's nonfederal claim against a defendant already properly in the district court on plaintiff's federal cause of action against him. In the context of those cases, it was proper to assert jurisdiction using the test, quoted by plaintiff on page 3 of his brief, set forth as follows:

> Federal courts have the constitutional *power* to exercise pendent jurisdiction when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction on the court.

*Lentino, supra,* at 478 (emphasis in original) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). As noted by the Court, however, in *Aldinger v. Howard, supra:*

> From a purely factual point of view, it is one thing to authorize two parties, already present in a federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of federal jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to implead an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant "derive from a common nucleus of operative fact." ... True, the same considerations of judicial economy would be served insofar as plaintiff's claims "are such that he would ordinarily be expected to try them all in one judicial proceeding...." ... But the addition of a completely new party would run counter to the well-established principle that federal courts as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress.

427 U.S. at 14–15, 96 S.Ct. at 2420, 49 L.Ed.2d at 286–87.

◼ After *Sparks, supra,* and *Lentino, supra,* the Third Circuit Court of Appeals set forth a comprehensive test for determining when a court may appropriately exercise pendent jurisdiction. The "three-tiered" analysis, incorporating the Supreme Court's pendent party jurisdictional cases, *Aldinger, supra,* and *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), is appropriate for the specific determination of when pendent party jurisdiction is proper. The test is as follows:

> On the first level, a court must determine whether it has constitutional power to determine a state-law claim. This "power" test depends on whether there is a "common nucleus of operative fact" between the state claim at issue and the accompanying federal claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). As we see it, *Gibbs* provides the unifying principle which limits the extent of federal jurisdiction over both pendent and ancillary claims. The second level requires the court to determine whether the exercise of jurisdiction at issue would violate a particular federal policy deci-

sion, such as the requirement of complete diversity or the explicit exclusion of a particular party from federal liability for the actions alleged in the complaint. At this level, the court may consider whether the plaintiff's assertion of ancillary or pendent jurisdiction is an attempt to manufacture federal jurisdiction where it is otherwise foreclosed by the relevant statutes. The issue generally turns on statutory interpretation. The final level—prudential in character—is for the district court, in its discretion, to weigh various factors bearing on the appropriateness of hearing a pendent claim. *Ambromovage v. United Mine Workers,* 726 F.2d 972, 989–90 (3d Cir.1984) (footnotes omitted). The analysis does not have to be performed in the order set forth above, and when the jurisdictional issue can be resolved without deciding the constitutional question, the court should make every effort to do so. *Id.* at 989 n. 49.

■ In accordance with *Ambromovage,* we conclude that plaintiff has not satisfied the second tier of the test.[2] To allow plaintiff's claim against Yoder, a fellow citizen of Maryland, would violate an explicit federal policy embodied in the statutory requirement of complete diversity between the parties. *See* 28 U.S.C. § 1332. We must strictly construe the statute. *See Owen Equipment and Erection Co., supra,* and cases cited therein.

This case is similar to *Owen Equipment and Erection Co., supra.* In *Owen Equipment,* plaintiff, a citizen of Iowa, brought a state-law claim in negligence against the Omaha Public Power District (OPPD), a citizen of Nebraska. OPPD then filed a third-party complaint against Owen Equipment and Erection Co. (Owen), a corporation organized under the laws of Nebraska. Plaintiff then filed an amended complaint naming Owen as an additional defendant. OPPD was granted summary judgment against plaintiff and the case went to trial between plaintiff and Owen. On the third

day of trial, it was discovered that Owen's principal place of business was in Iowa. The Court of Appeals affirmed the district court's denial of Owen's motion to dismiss the complaint for lack of jurisdiction. Rejecting that holding, the Supreme Court stated:

> [I]t is clear that the [plaintiff] could not originally have brought suit in federal court naming Owen and OPPD as co-defendants since citizens of Iowa would have been on both sides of the litigation. Yet the identical lawsuit resulted when she amended her complaint....
>
> ... The limits upon federal jurisdiction, whether imposed by the constitution or by Congress, must be neither disregarded nor evaded. Yet under the reasoning of the Court of Appeals in this case, a plaintiff could defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants.

437 U.S. at 374, 98 S.Ct. at 2403, 57 L.Ed.2d at 282–83 (footnote omitted) (brackets added).

The Court further stated:

> [T]he nonfederal claim here was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in a federal court.... A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations, "[T]he efficiency plaintiff seeks so avidly is available without question in the state courts." *Kenrose Mfg. Co. v. Fred Whitaker Co.,* 512 F.2d 890, 894 (CA4, 1972).

*Id.* at 376, 98 S.Ct. at 2404, 57 L.Ed.2d at 284 (footnotes omitted).

Contrary to plaintiff's assertion, the cases cited by defendants, *Shields v. Consolidated Rail Corp.,* 530 F.Supp. 400 (S.D.

---

2. We therefore do not decide whether we can constitutionally assert jurisdiction here or whether it would be prudential for us to do so.

N.Y.1981), and *Lincoln Manufacturing Co. v. Stern,* 515 F.Supp. 21 (N.D.Ill.1981), are in accord with Third Circuit law in this area rather than plaintiff's authority, *De-Maio v. Consolidated Rail Corp.,* 489 F.Supp. 315 (S.D.N.Y.1980). We also note that a F.E.L.A. claim may be brought in a state court as well as a federal one. *See DeMaio, supra.* Thus, just as in *Owen Equipment,* the claims against all the defendants can be heard together in one forum so that the " 'efficiency plaintiff seeks . . . is available without question in the state courts.' " *Owen Equipment, supra,* 437 U.S. at 376, 98 S.Ct. at 2404, 57 L.Ed.2d at 284 (quoting *Kenrose Manufacturing Co. v. Fred Whitaker Co.,* 512 F.2d 890, 894 (4th Cir.1972). Accordingly, pendent party jurisdiction cannot be exercised here over Yoder.

We turn now to Westvaco and Yoder's contention that the complaint against both of them must be dismissed because Yoder is a nondiverse party to plaintiff. Generally, a complaint will be dismissed when complete diversity between the parties is lacking, *see Schultz v. Cally,* 528 F.2d 470 (3d Cir.1975), but a party may be dropped to achieve diversity if his presence is not essential to a just adjudication. *See Gallo v. Yamaha Motor Corp.,* 488 F.Supp. 502 (E.D.Pa.1980). Dropping a party depends upon whether he is indispensable to the action. *Field v. Volkswagenwerk AG,* 626 F.2d 293 (3d Cir.1980). In *Field,* the court held that the plaintiff driver of a van involved in a single car collision was not an indispensable party to an action between representatives of her passengers and the defendant manufacturer of the van. The defendant corporation was a citizen of West Germany and after suit was brought discovery revealed the driver to be a citizen of Czechoslovakia, not of New York as she had claimed. Thus, complete diversity was lacking because parties on opposite sides of the suit were citizens of foreign countries. Relying upon Fed.R.Civ.P. 19 to sustain diversity jurisdiction as between the remaining plaintiff and defendant, the court stated:

If the right of either [passenger] to relief against [the defendant] were established, these parties would be awarded a judgment; if their claims are not sustained, their complaint would be dismissed. In either event, the district court will be able to grant complete relief as between the parties without the joinder of [the driver], and, as we have shown above, it is unnecessary to join [the driver] as a party in order to enable [defendant] to defend against these claims. [Defendant], while it may be entitled to contribution or indemnity from [the driver], cannot be subjected to multiple obligations since its liability, if any, will be several. Nor, as Professor Moore has emphasized, does the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, trigger the application of Rule 19.

*Id.* at 301–02 (brackets added) (footnote omitted).

The above considerations also lead us to believe that Yoder is not indispensable here. All three defendants may eventually be found to be jointly liable with the individual tortfeasor or vicariously liable for his actions. If so, then plaintiff can obtain complete relief without Yoder's presence. Conversely, if plaintiff does not prevail at trial, then Western Maryland and Westvaco have not been prejudiced by Yoder's absence. In short, complete relief as between plaintiff and Western Maryland and Westvaco is available here without Yoder. Further, any claim arising from the litigation by Western Maryland or Westvaco or both against Yoder can be adjudicated in a subsequent indemnity or contribution action. Therefore, Yoder is a dispensable party who may be dismissed to preserve diversity jurisdiction over the remaining defendants.

We will issue an appropriate order.