[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15719
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 11, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00391-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA CONCEPCION GRANADOS-GUTIERREZ,
a.k.a. Concha,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2009)

Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

The United States charged Maria Granados-Gutierrez with conspiracy to possess with the intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. The District Court accepted Defendant's guilty plea. Defendant now says that she did not sufficiently admit her guilt and that there was no sufficient factual basis for the district court to accept her plea. On the basis of waiver; we affirm.

Defendant twice transported a co-conspirator from Arizona to Las Vegas. This co-conspirator had over 1,000 pounds of marijuana in his luggage between the two trips. Another person would mail the marijuana from Las Vegas to Florida.

Defendant was arrested and pleaded guilty. At a plea hearing, before a magistrate judge, some confusion arose about what facts Defendant was admitting. At first, Defendant denied some of the government's facts. "Because-because the statements that I gave to the agent was only that I took Arturo twice to Las Vegas, but I was not aware of what he was doing. And I do feel guilty for having taken him." After consulting with her lawyer at the hearing, Defendant said she would accept the facts as presented by the government: that is, she knowingly transported the marijuana.

The magistrate judge attempted to clarify the situation. The magistrate judge

expressed concern that Defendant's admissions did not support the legal elements of the offense. The government pointed to passages in Defendant's confessions that indicated that the defendant knew the purpose of the trips and was well paid for transporting the marijuana. Defendant reiterated her guilty plea and -- in an extended colloquy -- admitted to all of the facts, including knowledge of the marijuana in the luggage.

The magistrate judge explained the difference between a guilty plea and a nolo contendere plea to Defendant. The magistrate judge also explained that the district court was unlikely to accept a nolo contendere plea. After the explanation, Defendant accepted the government's facts and agreed that she was making the plea of her own free will, that she was not threatened into pleading guilty, and that she was pleading guilty because she was, in fact, guilty.

In the magistrate judge's report and recommendation, the judge included a notice which stated that the failure to file written objections to the report within 10 days "shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge." Defendant did not file an objection until she filed this appeal.

We review the district court's decision to accept a defendant's guilty plea for plain error. United States v. Vonn, 122 S. Ct. 1043, 1046 (2002); United States v.

3

<u>Monroe</u>, 353 F.3d 1346, 1349 (11th Cir. 2003).

The government says that Defendant waived her right to appeal by not properly challenging the magistrate judge's report and recommendation under Fed. R. Crim. P. 59(b)(2).

A waiver is "the intentional relinquishment or abandonment of a known right." <u>United States v. Olano</u>, 113 S. Ct. 1770, 1777 (1993). When a party waives a claim, we do not review the claim for plain error. <u>United States v. Lewis</u>, 492 F.3d 1219, 1221 (11th Cir. 2007) (en banc). Federal Rule of Criminal Procedure 59(b)(2) says that a party must file a written objection to a magistrate judge's report and recommendation within 10 days; a failure to do so waives a party's right to review. Fed. R. Crim. P. 59.

We require a magistrate judge to inform a party about the consequences of not objecting. <u>Nettles v. Wainwright</u>, 677 F.2d 404, 408 (5th Cir. Unit B 1982)(en banc).[*] The magistrate judge, both at the hearing and in its report and

---

[*]This court has adopted as binding all former Fifth Circuit cases decided before 1 October 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. <u>Stein v. Reynolds Sec., Inc.</u>, 667 F.2d 33, 34 (11th Cir. 1982). <u>See</u> <u>United States v. Schultz</u>, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of <u>Nettles</u>).

recommendation, informed Defendant that she had ten days to object. Defendant did not object in that time, and so she waived her right to challenge the guilty plea.

AFFIRMED.